IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 18-CR-00172-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JASON THOMPSON,

        Defendant.

_____

**UNOPPOSED MOTION TO VACATE AND RESET TRIAL DATE
AND DEADLINES PURSUANT TO 18 U.S.C. § 3161**
_____

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW the Defendant, Jason Thompson, by and through his attorney of record, Matthew K. Belcher, Assistant Federal Public Defender, and hereby requests that the Court vacate the trial currently set for August 6, 2018, along with any and all accompanying deadlines, pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  In support thereof, Mr. Thompson would show as follows:

    1.    Mr. Thompson's current federal case was initially prosecuted by state authorities in Weld County, Colorado.  Subsequent to his arrest in February of 2018, and while facing the pending state charges, Mr. Thompson retained private counsel to represent him.  The attorney Mr. Thompson hired is Thomas Eugene Henry, Colorado Bar Number 4504.

    2.    Over the next several months, Mr. Thompson and Mr. Henry met, reviewed the discovery, and prepared a defense for Mr. Thompson.  Then, in April of 2018, Mr. Thompson

was notified that his pending Weld County case would be dismissed in lieu of federal prosecution (the instant offense).

3. On April 4, 2018, Mr. Thompson was indicted on federal charges stemming from the same set of events that led to his February 2018 arrest and charges that were filed in Weld County, Colorado. As such, when Mr. Thompson made his initial appearance in federal court on May 29, 2018, he informed Magistrate Judge Wang that he had retained counsel, but was unaware as to why he was not in court. (Doc. #6).

4. Judge Wang went ahead and found that Mr. Thompson qualified for court appointed counsel and appointed an attorney to represent him until his privately retained counsel entered his appearance in federal court.

5. Subsequent to the May 29, 2018, initial appearance, undersigned counsel was appointed to represent Mr. Thompson. Prior to Mr. Thompson's arraignment, discovery conference, and detention hearing, undersigned counsel contacted Mr. Henry and confirmed that Mr. Henry was, in fact, retained to represent Mr. Thompson in federal court and that he was, in fact, intending to enter his notice of appearance. Mr. Henry indicated that he had been retained and would be entering his notice of appearance, but planned to do so after the arraignment, discovery conference, and detention hearing set for May 31, 2018.

6. Accordingly, on May 31, 2018, undersigned counsel handled the arraignment, discovery conference, and detention hearing on Mr. Thompson's behalf, but informed AUSA Pegeen Rhyne that I had spoken with Mr. Henry and that Mr. Henry intended to enter his appearance on Mr. Thompson's behalf and represent him during the remaining portion of the federal case.

      7.      On June 25, 2018, after not hearing from Mr. Thompson or Mr. Henry, undersigned counsel visited Mr. Thompson at the Federal Detention Center and inquired as to why Mr. Henry had yet to enter his notice of appearance. Mr. Thompson did not know why, but persisted in his belief that Mr. Henry would be entering his appearance and would be handling the federal criminal matter. Mr. Thompson indicated that he has made multiple attempts to contact Mr. Henry while in custody, but has yet to hear back from Mr. Henry.

      8.      Undersigned counsel noted that Mr. Thompson's pretrial motions deadline was fast approaching and, in light of Mr. Henry having yet to file his notice of appearance, asked Mr. Thompson how he would like to proceed. Mr. Thompson, in response, requested that undersigned counsel file this very motion in order to give Mr. Thompson additional time to contact his privately retained counsel and inquire as to when he intended to enter his notice of appearance in the federal matter.

      9.      Mr. Thompson requested this relief due to his desire to have continuity of counsel, in that Mr. Henry has represented him for several months while these charges were being brought in Weld County, Colorado, and Mr. Thompson would like him to continue in that representation now that the charges are in federal court.

      10.      Under 18 U.S.C. § 3161(h)(7)(B)(iv) of the Speedy Trial Act the Court is authorized to continue a trial setting, and accompanying deadlines, where the failure to grant such a continuance would deny the defendant reasonable time to obtain counsel and/or would unreasonably deny the defendant continuity of counsel.

      11.      Here, Mr. Thompson has retained counsel but, for reasons unknown, Mr. Henry has yet to enter his notice of appearance. Given this, it appears that failure to grant a continuance would unreasonably deny Mr. Thompson the benefit of continuity of counsel. Mr. Henry has

represented Mr. Thompson for six months now and has had the benefit of meeting with Mr. Thompson, reviewing the discovery, and preparing a defense on Mr. Thompson's behalf. Undersigned counsel, on the other hand, has not been on the case for longer than a month.

12. Furthermore, failure to grant a continuance at this juncture of the case would deny counsel for Mr. Thompson the reasonable time necessary for effective preparation, assuming the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). As such, failure to grant the requested continuance would result in a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i).

13. Accordingly, Mr. Thompson would request that the Court vacate the current trial setting and accompanying deadlines, pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv), in order to allow Mr. Thompson the benefit of continuity of counsel and to further allow his privately retained counsel sufficient time to enter his notice of appearance, review the discovery, meet with Mr. Thompson, file any necessary pretrial motions and, if necessary, effectively prepare for trial itself. The ends of justice served by granting such a continuance outweigh the best interests of the public and Mr. Thompson in a speedy trial.

14. Mr. Thompson would request, after a hearing on this Motion to Vacate, that the Court reset the trial and accompanying deadlines within the time limitations of the Speedy Trial Act, taking into account the period of time tolled between the filing of this motion and the eventual order entered by this Court either granting or denying the requested relief.

15. Undersigned counsel has conferred with both Mr. Thompson and AUSA Pegeen Rhyne, neither of whom are opposed to the relief sought in this Motion to Vacate.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
>
> /s/ Matthew K. Belcher
> MATTHEW K. BELCHER
> Assistant Federal Public Defender
> 633 17th Street, Suite 1000
> Denver, CO  80202
> Telephone:  (303) 294-7002
> FAX:  (303) 294-1192
> Email:  matthew.belcher@fd.org
> Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

Pegeen Denise Rhyne, Assistant U.S. Attorney
Email: pegeen.rhyne@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Jason Thompson
via mail

/s/ Cecilia Hernandez
Cecilia Hernandez, Legal Assistant
Office of the Federal Public Defender