IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00172-MSK

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

1.   **JASON THOMPSON,**

    **Defendant.**

## PLEA AGREEMENT

The United States of America, by and through Pegeen D. Rhyne, Assistant United States Attorney for the District of Colorado (the "government"), and the defendant, Jason Thompson, personally and by counsel, Thomas Henry, hereby submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

A.   *Defendant's Obligations*

The defendant agrees to plead guilty to Counts One and Two of the Indictment. Count One of the Indictment charges a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), possession with intent to distribute methamphetamine. Count Two of the Indictment charges a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a previously convicted felon.

Court's Exhibit 1

*B.     Government's Obligations*

In exchange for the defendant's plea of guilty, the government agrees to recommend the Court give the defendant full credit for acceptance of responsibility per U.S.S.G. § 3E1.1, unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, comment (note 4) between the time of his guilty plea and sentencing.

*C.     Defendant's Appellate Waiver*

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 23, after adjusting for acceptance of responsibility; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision, however, will not prevent the defendant from seeking

2

relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

### D.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code § 924(d) and 21 United States Code § 853, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere.  The assets to be forfeited specifically include, but are not limited to: Taurus, Model Curve, .380 caliber pistol with serial number 54058E and all ammunition involved in the offense.  The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offenses to which the defendant is pleading guilty.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the government has established the requisite nexus and enter a preliminary order of forfeiture.

Further, the defendant hereby agrees that any firearms and/or ammunitions defined in 18 U.S.C. § 921, seized from the defendant on January 31, 2018, and currently in the custody and/or control of the Bureau of Alcohol, Tobacco and Firearms, were properly seized and are subject to forfeiture to the government according to 18 U.S.C § 924(d) and/or that the firearms and ammunition constitutes evidence, contraband, or fruits of the crime to which the defendant has pleaded guilty. Accordingly, defendant relinquishes all claim, title and interest he has to the firearms and ammunition to the United States with the agreement and consent that the Court, upon approval of this Plea Agreement, hereby directs the Bureau of Alcohol, Tobacco and Firearms, or any other appropriate agency, to destroy the firearm and ammunition.

## II. ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offense to which this plea is being tendered are as follows:

### Count One: 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii)

*First*:   the defendant knowingly or intentionally possessed a controlled substance as charged.

*Second*:   the substance was in fact methamphetamine.

*Third*:   the defendant possessed the substance with the intent to distribute it.

*Fourth*:   the amount of the controlled substance possessed by the defendant was at least 5 grams and more of methamphetamine (actual) or 50 grams and more of a mixture and substance containing methamphetamine.

4

<u>Count Two: 18 U.S.C. § 922(g)(1)</u>

*First*: the defendant knowingly possessed a firearm as charged in the indictment.

*Second*: the defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm; and

*Third*: before the defendant possessed the firearm, the firearm had moved at some time from one state to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.   10th Cir. Pattern J.I. § 2.44.

## III. STATUTORY PENALTIES

The maximum statutory penalties for a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) are not less than 5 years' imprisonment and not more than 40 years' imprisonment; not more than a $5,000,000 fine, or both; not less than 4 years' supervised release and not more than a lifetime of supervised release; and a $100 special assessment fee. The maximum statutory penalties for a violation of 18 U.S.C. § 922(g)(1) are not more than 10 years' imprisonment; not more than a $250,000 fine, or both; not more than 3 years' supervised release; and a $100 special assessment fee.

If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

This felony conviction may cause the loss of civil rights including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.   If the

5

defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, to be denied admission to the United States, and to be denied citizenship.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree as follows:

On January 31, 2018, two Colorado Parole Officers arrived at defendant Thompson's residence in Fort Lupton to investigate Thompson's request to transfer his parole from Westminster to Greeley. Defendant Thompson answered the door and invited the two parole officers into the residence. When asked who else was present in the residence, defendant Thompson told the parole officers that his girlfriend was in the bedroom that the two shared and still needed to get dressed. After the girlfriend was

dressed and came out of the bedroom, one of the parole officers went into the bedroom to ensure there were no additional persons in the residence. In the bedroom, the parole officer found on top of the dresser a Taurus, Model Curve, .380 caliber pistol with serial number 54058E. When one of the parole officers removed the magazine from this gun, it was loaded, but the chamber of the gun was empty. Defendant Thompson and his girlfriend were placed in handcuffs while another parole officer and an ATF agent were asked to come to the defendant's residence. After being read his *Miranda* warnings, defendant Thompson stated that his friend had left the gun at Thompson's residence, but Thompson refused to provide the friend's name. Thompson stated that he would "take the hit" for the gun. During a search of the bedroom, a parole officer also found an iPhone box next to where the gun had been. Inside the iPhone box was a clear plastic bag containing a large amount of a crystalized substance. After testing, lab results confirmed that this substance was 96.56 grams of a mixture and substance containing methamphetamine. This quantity is too large for personal use. Defendant Thompson knowingly possessed this methamphetamine with the intent to distribute some or all of the methamphetamine to another.

Prior to possessing the firearm, the defendant was convicted of at least one crime punishable by more than one year in prison. The firearm the defendant possessed functioned as designed and was not manufactured in the State of Colorado, and therefore traveled in interstate or foreign commerce prior to being found in the defendant's possession in Colorado.

## VI. ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is

7

governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

    A.    For purposes of this plea agreement the government agrees that the defendant's base guideline is U.S.S.G. § 2D1.1(a)(5), (c)(8), with a base offense level of **24**.[1]

    B.    The following specific offense characteristic applies if the defendant is not a career offender: there is a **2**-level increase pursuant to § 2D1.1(b)(1) because the defendant possessed a dangerous weapon.

    C.    There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments which apply.

    D.    The adjusted offense level according to the government is therefore **26**.

    E.    <u>Acceptance of Responsibility</u>: The parties agree that the defendant should receive a **3**-level adjustment for acceptance of responsibility. The resulting offense level therefore is **23**.

---

[1] This plea agreement is based upon the seizure of 95.56 grams of a mixture and substance containing a detectable amount of methamphetamine, as initially charged. The parties acknowledge that purity results have since been received which would result in a higher advisory guideline range. However, these negotiations were predicated upon initial reports of the mixture and substance amount.

F.  <u>Criminal History Category</u>:  The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is determined by the Court based on the defendant's prior convictions.  Based on information currently available to the parties, it is estimated that the defendant's criminal history category is be **IV**.

G.  <u>Imprisonment</u>:  The advisory guideline range resulting from the government's calculation is **70-87** months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 60 months (the statutory minimum for the offense) to 115 (top of Category IV).

The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

H.  <u>Fine:</u>  Pursuant to guideline § 5E1.2, under the estimated offense level calculated by the government, the fine range for this offense would be **$20,000 to $200,000**, plus applicable interest and penalties.

I.  <u>Supervised Release</u>:  Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term is not more than five years.

J.  There is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range.  In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that

9

range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.  ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 9/20/18

_____
Jason Thompson
Defendant

Date: 9/20/18

_____
Thomas Henry
Attorney for Defendant

Date: 9/27/18

_____
Pegeen D. Rhyne
Assistant U.S. Attorney