IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 18-cr-00172-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JASON THOMPSON,

    Defendant.

_____

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
_____

COMES NOW the United States of America, by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Laura B. Hurd, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), and moves this Court to enter a Preliminary Order of Forfeiture.

**I.**    **Procedural Background**

1.    On April 4, 2018, the grand jury charged defendant Jason Thompson, by Indictment in Count One with Possession of a Control Substance, a violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and Count Two with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1).

2.    The United States also sought forfeiture from defendant Jason Thompson, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of any firearms and ammunition involved in the commission of the offense in Count Two.

3.    On September 27, 2018, the United States and defendant Jason Thompson

entered into a Plea Agreement.  (Doc. 24).  The Plea Agreement provides, *inter alia*, that the defendant agreed to plead guilty to Counts One and Two of the Indictment, charging violations of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 18 U.S.C. § 922(g)(1) and agreed to forfeiture of a Taurus, Model Curve, .380 Caliber pistol, s/n 54058E and all ammunition involved in the offenses.  (Doc. 24).

4. Pursuant to Rule 32.2(b)(1)(A) of the Federal Rules of Criminal Procedure, the Court must determine what property is subject to forfeiture under 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) as soon as practicable after a plea of guilty. Once the property is determined to be subject to forfeiture, the Court must promptly enter a Preliminary Order of Forfeiture.  Fed. R. Crim. P. 32.2(b)(2)(A).

5. It is mandatory that the Preliminary Order of Forfeiture is entered "sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant."  Fed. R. Crim. P. 32.2(b)(2)(B).

6. As set forth in the Plea Agreement, the defendant and United States agree that a requisite nexus exist between the Taurus, Model Curve, .380 Caliber pistol, s/n 54058E and all ammunition, and the offenses that the defendant plead guilty. Accordingly, the defendant's interest in the firearm and ammunition is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853.

7. A Preliminary Order of Forfeiture is necessary in order for the United States to seize the property subject to forfeiture.  In addition, 21 U.S.C. § 853(n) requires that third parties who may have an interest in the property receive notice, via publication, or

to the extent practical, direct written notice, of the forfeiture and the United States' intent to dispose of the property. The United States cannot accomplish the seizure, notice, and publication without a Preliminary Order of Forfeiture.

WHEREFORE, the United States moves this Court to enter the Preliminary Order of Forfeiture tendered herewith, for the reasons set forth above.

DATED this 31st day of October 2018.

Respectfully submitted,

JASON R. DUNN
United States Attorney

By: s/ *Laura B. Hurd*
Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: laura.hurd@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of October 2018, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notice to all counsel of record.

s/ *Jody Gladura*
FSA Paralegal II
Office of the U.S. Attorney